a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DARIAN CARTER #529690,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01376<br>SEC P |
| VERSUS | JUDGE JOSEPH |
| IKE BROWN ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by *pro se* Plaintiff Darian Carter ("Carter") (#529690). At the time of filing, Carter was an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. He has since been released. ECF No. 5. Carter complains of the conditions of confinement at the Morehouse Detention Center ("MDC"). ECF No. 1 at 5.

Because Carter must provide additional facts to support his claim, Carter must AMEND his Complaint.

I. <u>Background</u>

Carter alleges that, while housed at the Raymond Laborde Correctional Center ("RLCC"), he was ordered to pack his belongings to be transferred. ECF No. 1 at 5. After two temperature checks, Carter was ultimately transferred to MDC. *Id.* Carter alleges that he saw mold and mildew on the walls and beds, and the tables were

1

rusted. *Id.* Carter alleges that "towels were stuck to the roof to keep the rain out" and the toilets were backed up. *Id.*

Carter further complains that there was no COVID-19 testing at MDC. He alleges that the nurse and officers did not wear masks. ECF No. 1 at 8.

## II. Instructions to Amend

An inmate must allege two elements—one objective, one subjective—to state a claim for unconstitutional conditions of confinement. *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019). The inmate must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834, (1994). Second, the prisoner must allege that the official possessed a subjectively culpable state of mind in that he exhibited deliberate indifference to the risk of harm. *Id.* (citations omitted). "A prison official displays deliberate indifference only if he (1) knows that inmates face a substantial risk of serious bodily harm and (2) disregards that risk by failing to take reasonable measures to abate it." *Arenas*, 922 F.3d at 620 (quotation marks omitted).

The Fifth Circuit has explained: "While the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Carter must amend his Complaint to state the number of days he was housed at MDC under the alleged conditions. He should state the date on which he was transferred to MDC, and the date one which he was returned to RLCC. Carter must also allege deliberate indifference by each named Defendant.

Additionally, the Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute must be more than *de minimis*. *See Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012 (2004). Carter does not allege any physical injury suffered from the alleged unconstitutional conditions. He must amend his Complaint accordingly.

### III. Conclusion

Because Carter must provide additional facts to support his claim. IT IS ORDERED that Carter AMEND his Complaint (ECF No. 1) within 30 days of the filing of this Order providing the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

Cater is required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Thursday, January 28, 2021.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE