a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| DARIAN CARTER #529690, Plaintiff | CIVIL DOCKET NO. 1:20-CV-01376 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| IKE BROWN ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by *pro se* Plaintiff Darian Carter ("Carter") (#529690). At the time of filing, Carter was an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. He has since been released. ECF No. 5. Carter complains of the conditions of his confinement at the Morehouse Parish Detention Center ("MPDC"). ECF No. 1 at 5.

Because Carter alleges no physical injury and fails to state a viable claim for the violation of a constitutional right, his Complaint should be DENIED and DISMISSED WITH PREJUDICE.

### I.    Background

Carter alleges that, while housed at the Raymond Laborde Correctional Center ("RLCC"), he was ordered to pack his belongings to be transferred. ECF No. 1 at 5. After two temperature checks, Carter was ultimately transferred to MPDC. *Id.* Carter alleges that he saw mold and mildew on the walls and beds and the tables

1

were rusted.  *Id.*  Carter alleges that "towels were stuck to the roof to keep the rain out" and the toilets were backed up.  *Id.*

Carter further complains that there was no COVID-19 testing at MPDC.  He alleges that the nurse and officers did not wear masks. ECF No. 1 at 8.

## II.    Law And Analysis

### A.    Carter's Complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Carter is an inmate who has been allowed to proceed *in forma pauperis*.  ECF No. 4.  As a prisoner seeking redress from an officer or employee of a governmental entity, Carter's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Carter's Complaint is also subject to screening under § 1915(e)(2).  Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**B.    <u>Carter does not state a claim for the violation of a constitutional right.</u>**

To state a claim for unconstitutional conditions of confinement, an inmate must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Fifth Circuit has explained: "While the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). Courts must determine whether the challenged condition amounts to a significant and atypical hardship on the inmate in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

An inmate must establish two elements—one objective, one subjective—to prevail on a conditions-of-confinement claim. *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019). First, he must show that the relevant official denied him "the minimal civilized measure of life's necessities" and exposed him "to a substantial risk of serious harm." *Id.* (quotation marks omitted). The "alleged deprivation" must be "objectively serious." *Id.* Second, the prisoner must show "that the official possessed

a subjectively culpable state of mind in that he exhibited deliberate indifference" to the risk of harm.  *Id.* (citations and quotation marks omitted).

Carter was ordered to amend his Complaint to allege deliberate indifference by each Defendant.  ECF No. 6.  His Amended Complaint generally summarizes the claims made in the original Complaint.  ECF No. 7.  Carter alleges that Defendants did not properly follow the COVID-19 protocols imposed by the Governor.   ECF No. 7.  He allegedly saw mold and mildew on the walls and beds and the tables were rusted.  Carter alleges that "towels were stuck to the roof to keep the rain out" and the toilets were backed up.  ECF Nos. 1, 7.

These allegations lack the severity and seriousness to warrant legal relief.  *See Ruffin v. Larpenter*, 19-CV-10378, 2019 WL 2526739, at *2 (E.D. La. May 28, 2019) (allegations of black mold on air vents and shower walls and drains "fail to cross the impermissible line that separates the unpleasant from the unconstitutional"), *report and recommendation adopted*, 2019 WL 2524582 (E.D. La. June 19, 2019); *Heaton v. Normand*, No. 17-CV-405, 2017 WL 3268341, at *4 (E.D. La. June 22, 2017) (allegations of mold, dust, and vermin fail to state cognizable, nonfrivolous claim), *report and recommendation adopted*, 2017 WL 3252813 (E.D. La. July 31, 2017); *Simmons v. Gusman*, No. 14-CV-1907, 2015 WL 151113, at *4 (E.D. La. Jan. 12, 2015) ("[T]he mere fact that fungus, mold, mildew, and rust are present [in a jail] does not warrant relief."); *Eaton v. Magee*, No. 2:10-CV-112, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012) ("Plaintiff's claim that the bathroom and shower area are

unsanitary and contain black mold fails to rise to the level of a constitutional violation.").

    C.    __Carter has not alleged a physical injury.__

The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute must be more than *de minimis*. *See Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012 (2004). Carter does not allege any physical injury suffered from the conditions at MPDC or from his transfer during the "Phase 1 lockdown."

## III.   Conclusion

Because Carter has alleged no physical injury and fails to state a claim for the violation of a constitutional right, IT IS RECOMMENDED that his § 1983 Complaint be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(B) and 1915A(b).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, April 1, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE